IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Robert Romar,<br><br>          Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No.  CV-13-8217-PCT-JJT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

      Richard Robert Romar filed a petition for writ of habeas corpus on September 4, 2013, challenging his convictions in Mojave County Superior Court for multiple felonies arising out of his sexual contact with a minor.  His habeas petition raises three claims: ineffective assistance of counsel, cruel and unusual punishment, and a due process violation.  As explained below, the Court recommends that Romar's petition be denied and dismissed with prejudice.

**BACKGROUND**

      In 2006, Romar was indicted in Mohave County on four counts arising from his alleged sexual abuse of two different children.  (Doc. 11, Ex. B)  Romar's counsel moved *in limine* to preclude the State from presenting evidence of his 1985 felony convictions for sexual abuse under Arizona Rule of Evidence 609.  (Doc. 11, Ex. F)  The Court granted this motion.  (Doc. 11, Ex. G at 29-30)  The State then moved *in limine* for permission to ask Romar's character witnesses whether they knew about his 1985

convictions and that he was required to register as a sex offender.  (Doc. 11, Ex. H)  The State argued that these questions were permissible under Arizona Rules of Evidence 404(a) and 405.  (*Id*.)  The Court denied the State's motion on the question about Romar's registration as a sex offender.  (Doc. 11, Ex. J)  The Court then ruled that if Romar's character witnesses testified that Romar would not have committed the alleged crime, then the State could ask its proposed questions about Romar's 1985 convictions.  (Doc. 11, Exs. I, L)  During trial, Romar did not testify and he did not call any character witnesses.  (Doc. 11, Exs. M, O)

On December 5, 2007, at the conclusion of a two day trial in the Mojave County Superior Court, a jury found Romar guilty of three felonies arising out of his sexual contact with a minor.  (Doc. 11, Ex. O)  On January 3, 2008, Romar was sentenced to three mitigated, concurrent sentences; one sentence was 23 years and the other two sentences were 25 years each.  (Doc. 11, Ex. P)  At the time of his sentencing, Romar was 78 years old.  (*Id*.)

Romar, through counsel, timely appealed and argued that the trial court should not have ruled that the State could cross examine his character witnesses about his 22 year-old convictions.  (Doc. 11, Exs. R, S)  After the issue was fully briefed, the Court of Appeals affirmed his conviction in *State v. Romar*, 212 P.3d 34 (Ariz. App. 2009).  (Doc. 11, Exs. T, U, V, W)  The Court used Romar's appeal to extend "the long-established rule that a defendant who chooses not to testify cannot claim error in a ruling allowing him to be impeached with his prior conviction" to include "a ruling on the use of prior convictions to rebut character witnesses."  *Id*. at 37, ¶ 6.  The Court held that Romar "failed to preserve his claim of error" when he "fail[ed] to call his character witnesses." *Id*. at ¶ 6.  Romar petitioned the Arizona Supreme Court for review and, on September 22, 2009, his petition was denied.  (Doc. 11, Exs. X, Y, Z)

Romar, through appellate counsel, timely filed a Notice and Petition for Post-Conviction Relief arguing that his trial counsel was ineffective because (1) he failed to honor Romar's request to testify, (2) he failed to effectively cross-examine the State's

1  witness, (3) he failed to object to the State's leading questions during direct examination,
2  (4) his defense theory was not supported by law, (5) he was inexperienced, and (6) of the
3  cumulative effect of his errors.[1]  (Doc. 11, Exs. CC, DD)  At the conclusion of briefing,
4  the Superior Court ordered an evidentiary hearing and heard testimony from Romar's
5  trial counsel and an expert.  (Doc. 11, Exs. EE, FF, GG, HH, II, JJ)  Subsequently, the
6  Court issued a thorough and detailed order denying Romar's Petition.  (Doc. 11, Ex. K)
7  Romar petitioned the Arizona Court of Appeals for review.  (Doc. 11, Exs. LL, MM, NN)
8  The Court of Appeals granted review and denied relief.  (Doc. 11, Ex. PP)  Romar did not
9  move for reconsideration and did not petition the Arizona Supreme Court for review.
10 (Doc. 11, Ex. QQ)

11 Romar timely filed a pro per Petition for Writ of Habeas Corpus in this Court.
12 (Doc. 1)  First, he argues that his trial counsel was ineffective.  (Doc. 1 at 6)  Next, he
13 argues that, because of his age, his sentences amounts to a natural life term.  (*Id*. at 7)
14 His final argument is that his due process rights were violated when the Superior Court
15 ruled that any character witnesses who testified at trial could be cross-examined about his
16 prior convictions.  (*Id*. at 8)   Respondents contend that these arguments are all
17 procedurally defaulted, without excuse.  (Doc. 11)   This Court recommends that this
18 Petition be denied and dismissed with prejudice.

19 **EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT**

20 <u>Exhaustion of Remedies.</u>  A state prisoner must properly exhaust all state court
21 remedies before this Court can grant an application for a writ of habeas corpus.  28
22 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v.*
23 *Thompson*, 501 U.S. 722, 731 (1991).  Arizona prisoners properly exhaust state remedies
24 by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate
25 manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196
26 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  To

---

[1] Romar alleged, and then withdrew, a claim that his trial counsel had been ineffective for failing to preserve the record for appeal.  (Doc. 11, Exs. DD, KK)

- 3 -

1 be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

**ROMAR'S CLAIMS ARE NOT SUBJECT TO REVIEW.**

Claim One: Ineffective Assistance. Romar alleges that he received ineffective assistance of trial counsel. To support this claim, he makes vague and conclusory statements in his Petition without pointing to any specific examples. (Doc. 1 at 6) Because his Petition did not include any supporting facts, he has not complied with Rule

- 4 -

2(c) of the Rules Governing Section 2254 Cases. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) ("bald assertions of ineffective assistance" and "conclusory allegations" are insufficient for habeas relief).

Romar attached a letter to his Petition along with some pages from motions that were filed by his Rule 32 counsel, and a page from the Superior Court's ruling on his post-conviction proceedings. (Doc 1 at 14-28) It appears that this letter and the attachments were sent to the Mohave County Superior Court judges who presided over his case. (Doc. 1 at 15-16) Even giving these pages a liberal construction because of Romar's pro se status, Romar does not establish the factual allegations necessary to review his claim. *E.g., Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) (liberal construction given to pleadings filed by pro se petitioner); *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) ("Allegations of fact, rather than conclusions, are required.").

<u>Claim Two: Excessive Sentencing</u>. Romar alleges that his sentence is the functional equivalent of a natural life term. As Romar acknowledges, he did not raise his excessive sentencing argument to the Arizona Court of Appeals or during Rule 32 proceedings. (Doc. 1 at 7) And he can no longer do so because any Rule 32 petition raising this issue would not meet the requirements for timely or successive petitions under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Accordingly, even though his excessive sentencing argument is unexhausted, it is subject to an implied procedural bar. Further, because Romar has not demonstrated either a miscarriage of justice or cause and prejudice, this Court will not consider this claim.

<u>Claim Three: Character Witness Testimony</u>. Finally, Romar claims that the trial court violated his due process rights as well as the Fifth and Fourteenth Amendments by ruling that any character witnesses who testified at trial could be cross-examined about his prior convictions. (Doc. 1 at 8)

It appears that Romar's claim is exhausted. In the briefing on this same issue at the Arizona Court of Appeals, Romar's counsel argued that this ruling violated his right to due process under the Fifth and Fourteenth Amendments, violated his Sixth Amendment rights, and violated several articles of the Arizona Constitution. (Doc. 11, Ex. S at 6-7, Ex. U at 1) The Court of Appeals did not address Romar's federal arguments and, instead, based its ruling on state law. *Romar*, 212 P.3d at 36-38. Thus, it appears that Romar exhausted this argument in the state courts by providing the operative facts and the federal basis for his claims.

It also appears that Romar's claim is not subject to a procedural bar. The Arizona Court of Appeals used Romar's appeal to extend an existing rule. This case may be the beginning of the state court's strict and regular adherence to this rule of waiver but it cannot be said that "adequate" grounds existed when Romar appealed. Thus, it seems that a procedural bar does not apply to this claim.

Nevertheless, this Court declines to reach the merits of Romar's claim for two reasons. First, the Arizona Court of Appeals decided this question on state law grounds, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, even though Romar raises this as a question of federal law, review of this issue is not appropriate here.

Second, this Court will not reach the merits of Romar's claim because "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Luce v. United States*, 469 U.S. 38, 43 (1984). Romar "did not do so, and thus waived any federal constitutional claim he might otherwise have had." *Galindo v. Ylst*, 971 F.2d 1427, 1429 (9th Cir. 1992) ("We, of course, understand that *Luce* was laid down as a federal rule of procedure, but it surely follows that its requirements do not violate the United States Constitution."). *See also United States v. Johnson*, 903 F.2d 1219, 1222 (9th Cir. 1990) ("Johnson was given a choice—to testify and have possibly damaging prejudicial evidence come in, or not to testify and keep the

evidence out.  Because Johnson did not even attempt to testify, he may not now challenge the ruling.").  Here, neither Romar nor his character witnesses testified and so he has waived any federal constitutional claims related to this issue.

**IT IS THEREFORE RECOMMENDED** that Richard Robert Romar's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 4th day of May, 2015.

_____
David K. Duncan
United States Magistrate Judge