NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Robert Romar,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>               Respondents. | No. CV-13-08217-PCT-JJT<br><br>**ORDER** |

At issue is Richard Robert Romar's Petition for Writ of Habeas Corpus (Doc. 1), filed September 4, 2013. Magistrate Judge David K. Duncan issued a Report and Recommendation ("R&R") in the matter on May 5, 2015 (Doc. 14), to which Petitioner filed an Objection July 1, 2015 (Doc. 17). For the reasons set forth in the R&R and after consideration of the Petition, the Response (Doc. 11), the R&R and Petitioner's Objections thereto, this Court will deny the Petition.

In the R&R, Judge Duncan thoroughly and correctly analyzed the issues involved in the instant Petition, and because this Court will adopt the recommendations set forth in the R&R as well as the reasoning behind those recommendations, it will not restate those issues or their resolution here in detail. The Court does, however, address in detail Petitioner's objections here, and finds that none overcome the recommendations in the R&R or the reasoning supporting them.

The R&R recommended that Petitioner's first claim, for ineffective assistance of his trial counsel, was not subject to review by this Court because it consisted of vague and conclusory statements without reference to facts supporting specific examples of

ineffectiveness. This Court has reviewed Ground One of the Petition, and in particular the Supporting Facts section of Ground One, and concludes that the Magistrate Judge's assessment is entirely correct. The lack of any facts or specific examples in the Petition supporting Ground One renders it unreviewable for two related reasons. First, as pointed out in the R&R, the lack of facts violates Section 2(c) of the Rules Governing Section 2254 Cases. This is not a formalistic requirement. Without facts and examples, no reviewing court is able to evaluate specific acts or omissions under the lens of possible constitutional violations. In essence, the lack of facts makes any review speculative and meaningless. Second, and as a result of the above, a specific claim cannot be said to have been brought before the state court for review to allow it the opportunity to address any alleged federal infirmities—this is the definition of an unexhausted claim.

In his Objection, Petitioner argues strenuously that the Magistrate Judge erroneously based his recommendation to reject Ground One on a requirement that the issue be placed before the Supreme Court of Arizona. Petitioner argues he has satisfied the requirements for exhaustion by placing the issues before the Arizona Court of Appeals. This Court takes no issue with Petitioner's statement of the law. Other than capital case review, a claim may be exhausted for habeas purposes by presentation to the Arizona Court of Appeals under Arizona law. But that is beside the point, as the R&R did not base any recommendation on a failure to raise issues to the Supreme Court of Arizona. Rather, as set forth above, the recommendation regarding Ground One was based on Judge Duncan's correct conclusion that no claim of ineffective assistance of counsel was raised with the requisite specificity to *any court*, *at any level*, in violation of the rules and of the exhaustion requirement. The Court will deny relief on Ground One.

In Ground Two, Petitioner argues that the trial court imposed a sentence that is the functional equivalent of a natural life term, which he urges is a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. In the R&R, Judge Duncan concludes that this claim is unexhausted, as Petitioner never raised it to the Arizona Court of Appeals or during post-conviction relief proceedings, and it is at the same time

procedurally barred as untimely under Rules 32.1, 32.2 and 32.4 of the Arizona Rules of Criminal Procedure. Petitioner does not contest this recommendation in his Objection. This Court adopts the reasoning of the R&R and will deny review of Petitioner's Ground Two.

Ground Three addressed the trial judge's ruling that, under certain circumstances, character witnesses who testified for Petitioner could be cross-examined about their knowledge of his prior convictions. Petitioner argues this ruling violated the Due Process Clause of, and the Fifth and Fourteenth Amendments to, the Constitution of the United States. Judge Duncan recommended that this Court decline to reach the merits of this claim because 1) the Arizona Court of Appeals decided the question on the state law grounds Petitioner presented to it, rather than the federal grounds he also presented, and under the doctrine of *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), a federal court conducting habeas review may not re-examine state court determinations on state law questions; and 2) in any event, federal law—like Arizona law—would preclude review of Petitioner's claim of improper impeachment with a prior conviction where that claim was waived by choosing not to have the witness testify. *See Luce v. United States*, 469 U.S. 38, 43 (1984).

Petitioner objects to this recommendation, suggesting that "trial counsel could have at least waited until trial, offered up a single character witness, evaluated the deputy county attorney's question(s), offered up an objection, and thereby preserved the issue for an appeal if necessary; instead he conceded." (Doc. 17 at 7). While the objection attempts to address reason 2 above, it provides no answer as to how Petitioner escapes the consequences of *Estelle* and its prohibition of re-examining the state court determination of a state law question. Moreover, were this Court to reach the substance of the trial court's ruling, it would find that ruling to violate no Constitutional provision. The trial court's ruling as to the use of Petitioner's 1985 convictions to impeach testifying character witnesses was narrowly tailored. It did not allow questions about whether Petitioner was required to register as a sex offender, which the state had requested. And it

1 only allowed the state to question witnesses about their knowledge of Petitioner's convictions if the character witnesses testified that Petitioner would not have committed the alleged crime. In this way, the state trial court's ruling protected Petitioner against indiscriminate use of the prior convictions, but properly safeguarded against Petitioner using the ruling as both a sword and a shield. The court will deny review on Ground Three.

In his Objection, Petitioner raises several arguments, and factual allegations in support of those arguments that appear to be new to this matter. For example, Petitioner alleges that in late 2007, over a year into the state criminal proceedings, the trial judge disclosed to the parties that at the time of Petitioner's 1985 convictions, he was a member of the county attorney's office that prosecuted Petitioner, although he had no involvement in the case as best he could remember. Petitioner would assign error to this potential conflict of interest, and to trial counsel's alleged inaction in response. The Court cannot and will not consider such untimely arguments or allegations. Petitioner had the opportunity to raise them in his Petition. He did not. They are waived.

IT IS ORDERED adopting Magistrate Judge Duncan's R&R in its entirety and incorporating same into this Order (Doc. 14).

IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and dismissing this matter with prejudice.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal in this matter because the dismissal of the instant Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 31st day of August, 2015.

Honorable John J. Tuchi
United States District Judge